[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15161
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00471-CR-1-BBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK OLIVER DURRAH,
a.k.a. Frederick Durrah,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 30, 2010)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Frederick Oliver Durrah appeals his conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Durrah entered a conditional plea of guilty, reserving his right to appeal the denial of his motion to suppress. On appeal, Durrah contends the district court erred in concluding officers had a reasonable suspicion to conduct an investigative stop of a Range Rover in which he was a passenger and, even if the initial stop was valid, the officers violated the Fourth Amendment by conducting a pat-down search of his person. Durrah additionally asserts statements he made at the arrest site should have been suppressed because he was not read his rights under *Miranda v. Arizona*, 86 S. Ct. 1602 (1966), until after he made those statements. After review, we affirm Durrah's conviction.

I.

Durrah contends the officers did not have a reasonable suspicion to stop the Range Rover because: (1) there had not been time for Luis Palacious, Jr., the target of the officer's surveillance, to enter; (2) Palacious and Durrah did not look alike; and (3) officer testimony conflicted regarding the vehicle's passengers. Durrah asserts his pat-down violated the Fourth Amendment because it was not reasonably related to the justification for the stop or to protect officer safety.[1]

---

[1]With the denial of a motion to suppress, we review the district court's factual findings for clear error, and its legal determinations *de novo*. *United States v. White*, 593 F.3d 1199, 1202

2

Law enforcement officers may make an investigative stop of a vehicle if they have a reasonable suspicion the occupants of the vehicle are engaged in criminal conduct. *United States v. Lopez-Garcia*, 565 F.3d 1306, 1313 (11th Cir.), *cert. denied*, 130 S. Ct. 1012 (2009). Reasonable suspicion exists where, under the totality of the circumstances, the officers have a particularized and objective basis for suspecting legal wrongdoing. *United States v. Arvizu*, 122 S. Ct. 744, 750 (2002).

When officers conduct an investigative stop of a vehicle, they may order the driver and any passengers to get out of the vehicle in order to protect officer safety. *Maryland v. Wilson*, 117 S. Ct. 882, 884-86 (1997). In addition, the Supreme Court has held, in the context of a lawful traffic stop, officers may perform a pat-down search of any passenger whom they believe to be armed and dangerous, even if the officers do not have reason to believe the passenger is involved in criminal activity. *Arizona v. Johnson*, 129 S. Ct. 781, 784 (2009). To conduct a pat-down search, an officer "need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry v. Ohio*, 88 S. Ct. 1868, 1883 (1968).

---

(11th Cir. 2010).

3

We conclude the officers had reasonable suspicion to justify an investigative stop of the Range Rover because they had information the driver was assisting Palacious in his attempts to launder drug proceeds. Since the officers could conduct an investigative stop of the Range Rover based solely on their suspicions concerning the driver, we need not address whether it was reasonable for the officers to believe Palacious himself was in the vehicle.

The officers had reason to believe Durrah was armed and dangerous, as Durrah made a furtive movement with his right hand towards his hip and did not immediately comply with Officer De Stefano's orders to show his hands. Therefore, it was permissible for the officers to order Durrah out of the vehicle and to conduct a pat-down search of his person for weapons. Accordingly, the district court properly concluded the items found on Durrah's person and the statements Durrah made while being frisked did not need to be suppressed as the fruit of an illegal search.

## II.

Durrah argues his statements at the arrest site should be suppressed because the questioning was the functional equivalent of a custodial interrogation.[2]

---

[2]Whether a defendant was in custody and entitled to *Miranda* warnings is a mixed question of law and fact with clear error review of factual findings and *de novo* review of legal conclusions. *United States v. McDowell*, 250 F.3d 1354, 1361 (11th Cir. 2001).

The Supreme Court has explained a suspect is interrogated within the meaning of *Miranda* when he is subjected to express questioning or its functional equivalent. *Rhode Island v. Innis*, 100 S. Ct. 1682, 1689 (1980). The functional equivalent of questioning is "words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 1689-90. The focus is primarily on the perceptions of the suspect, rather than the intent of the police. *Id.* at 1690. The Supreme Court has recognized a "public safety" exception to the *Miranda* rule, under which police may question a suspect before giving *Miranda* warnings when the questioning is necessary to protect the officers' safety or the safety of the general public. *New York v. Quarles*, 104 S. Ct. 2626, 2631-32 (1984).

In this case, Durrah's statements at the arrest site were not made in response to custodial interrogation. Accordingly, Durrah's statements were not obtained in violation of *Miranda*. Thus, the district court did not err in denying Durrah's motion to suppress and we affirm his conviction.

**AFFIRMED.**